UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JACQUELINE KAY STEWART                                              PLAINTIFF

v.                                  No. 3:16-CV-00093-JTR

NANCY A. BERRYHILL,[1]
Acting Commissioner,
Social Security Administration                                      DEFENDANT

## ORDER REMANDING TO THE COMMISSIONER

Jacqueline Stewart ("Stewart") applied for social security disability benefits with an alleged disability onset date of July 24, 2013. (R. at 118). Her applications were denied by the administrative law judge ("ALJ") after a hearing. (R. at 18). The Appeals Council denied her request for review. (R. at 1). Thus, the ALJ's decision now stands as the Commissioner's final decision. Stewart has requested judicial review.[2]

For the reasons stated below, this Court reverses and remands the Commissioner's decision.

I.   **The Commissioner's Decision**

The ALJ found that Stewart had the severe impairments of inflammatory arthritis, lumbar disk bulge, and obesity. (R. at 13). Based on her limitations, the

---

[1]Berryhill is now the Acting Commissioner of Social Security and is automatically substituted as Defendant pursuant to Fed. R. Civ. P. 25(d).

[2]The parties have consented to the jurisdiction of a United States Magistrate Judge.

1

ALJ determined that Stewart had the residual functional capacity ("RFC") to perform a full range of light work. (R. at 14). The ALJ took testimony from a vocational expert ("VE") and found that Stewart could return to her past relevant work as an inspector. (R. at 16–17). Therefore, the ALJ concluded that Stewart was not disabled. (R. at 18).

## II. Discussion

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

Stewart argues that the ALJ erred by: (1) giving *no weight* to the opinion of Stuart Jones, a physical therapist; (2) failing to fully and fairly develop the record; and (3) performing an inadequate credibility analysis. Because this Court holds that

2

the ALJ erred in weighing Jones's opinion, the Court need not address Stewart's other arguments for reversal.

On September 17, 2013, Jones performed a "comprehensive functional capacity evaluation to determine [Stewart's] current functional status." (R. at 348). During the four-hour evaluation, Jones tested Stewart's physical abilities in eighteen areas,[3] rating her functional level in each area. (R. at 348-62). In his fifteen-page report, Jones concluded that, "overall," Stewart had demonstrated the ability to perform work at the sedentary level. (R. at 350).

In determining that Stewart had the RFC to perform "the full range of light work" (R. at 14), the ALJ gave *no weight* to Jones's opinion on the basis that it was internally inconsistent and unsupported by his objective evaluation. Specifically, the ALJ noted that, even though Jones's evaluation showed that Stewart could "lift/carry at the light exertional level," he "opined that she could only function at the sedentary level." (R. at 16).

A fair reading of Jones's opinion reveals that it is *not* internally contradictory and that Jones fully and adequately explained any inconsistencies in his findings.

In assessing Stewart's ability to perform "material handling," Jones opined that she could lift and carry at the "light" exertional level but that her "overall

---

[3]Walking, immediate reaching, overhead reaching, reaching with a five-pound weight, handling, fingering, range of motion, grip strength, pinch strength, balancing, floor-to-knuckle lifting, knuckle-to-shoulder lifting, carrying, stooping, crouching, kneeling, climbing stairs/step-ups, and pushing/pulling.

3

strength" in that category was "sedentary." (R. at 348). Jones explained the seeming contradiction, stating that, even though Stewart "exhibited the ability to perform an Occasional bi-manual lift of up to 20 lbs. and Occasional carry of up to 15 lbs.," she "did not demonstrate the ability to *carry on more than an Occasional basis*." (R. at 348-49) (emphasis added). He observed that she "shift[ed] her weight away from her [right left extremity] and complained of increased foot pain as the weight increased," and she "reported that right foot and hip pain limited her from carrying more weight." (R. at 350-51). Thus, Jones found that Stewart demonstrated a "maximal occasional lift/carry of up to 15 lbs." (R. at 348). This restriction would prevent the performance of light work, which requires *frequent* lifting/carrying of 10 pounds.[4]

Jones went on to find, in his objective evaluation of Stewart's other abilities, that she: (1) could walk and stand on an "occasional" basis; and (2) could "work in the standing position for up to 10 minutes prior to taking brief breaks to sit. (R. at 349). These additional restrictions would also preclude the performance of the full range of light work.[5]

---

[4]Light work requires the ability to lift objects weighing up to 20 pounds at a time, and to frequently lift or carry up to 10 pounds. 20 C.F.R. § 404.1567(b).

[5]Since "frequent" lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires the ability to stand or walk a total of six hours in an eight-hour workday, with intermittent sitting during the remaining time. SSR 83-10, 1983 WL 31251, at *6 (1983). The "primary difference" between light and sedentary jobs is the amount of walking or standing involved. *Id.* at *5.

4

Finally, in reaching his "overall" conclusion that Stewart could perform only sedentary work, Jones explained: "It is noted that even though Ms. Stewart demonstrated the ability to perform some material handling at the Light Physical Demand Level, her functional limitations render her unable to work above the Sedentary level with these limitations." (R. at 350). This conclusion is fully supported by Jones's specific objective findings as described in his report.

Because a physical therapist is not an "acceptable medical source" under the relevant Social Security regulations, the therapist's opinions are not entitled to controlling weight. *Michel v. Colvin*, 640 F. App'x 585, 594-95 (8th Cir. 2016); *see* 20 C.F.R. § 404.1513(a) & (d) (2015).[6] In weighing such opinions – defined as "other medical evidence" -- an ALJ "has more discretion and is permitted to consider any inconsistencies found within the record." *Nowling v. Colvin*, 813 F.3d 1110, 1123 (8th Cir. 2016). However, an ALJ is *required* to consider these opinions, and he must evaluate them in light of several factors, including the nature and extent of the relationship between the source and the claimant, the examinations and testing performed by the source, the source's explanation and supporting evidence presented for the opinion, the opinion's consistency with other evidence, and

---

[6]The regulations regarding "acceptable medical sources" were substantially amended, effective March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844-45, 2017 WL 168819 (Jan. 18, 2017).

whether the source has a specialty or area of expertise related to the impairment.[7] *Id.* at 1123-24.

In this instance, the ALJ failed to fully and accurately discuss Jones's opinion. The ALJ did not discuss Jones's explanations for the supposed "inconsistencies," and he ultimately rejected that opinion based on contradictions that simply did not exist. Notably, the only opinions in the record are those of Jones and state agency "reviewing physicians," who never examined Stewart and based their opinions entirely on their review of her medical records. *See* 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you."). After erroneously rejecting Jones's opinion, the ALJ was left with a record that contained no opinion from an examining medical source about Stewart's limitations and her ability to perform work-related activities. A claimant's RFC is a medical question, and some medical evidence is required to support the RFC determination. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). After rejecting Jones's opinion, the record did not contain substantial medical evidence to support the ALJ's RFC determination. Accordingly, the ALJ's decision must be reversed and remanded.

---

[7]*See* 20 C.F.R. § 404.1527(c) & (f) (codifying amendments regarding evaluation of opinions "from medical sources who are not acceptable medical sources," for claims filed *before* March 27, 2017); *see also* 82 Fed. Reg. 5844, 5854, 5869-71.

## III. Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole does not contain ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ's decision is therefore REVERSED and REMANDED, with instructions to further develop the record as necessary and to fully and properly consider all opinion evidence.

It is so ordered this 11th day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE